FILED

APR 26 2006

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS PARKER, ) | 06cv2346 |
| Plaintiff, ) ) | **JUDGE KOCORAS** |
| v. ) ) | **MAG. MASON** |
| LINEBARGER, GOGGAN, BLAIR & ) SAMPSON, LLP, a Texas limited liability ) partnership, ) ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

## COMPLAINT – CLASS ACTION

Plaintiff Louis Parker, by his attorneys, the Shanfield Law Firm, Ltd. and the Langone Law Firm, LLC, brings this complaint to secure redress for the unlawful conduct of Defendant Linebarger, Goggan, Blair & Sampson, LLP, and states the following in support of his complaint:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing at 6800 South Crandon Avenue, Apartment 717, Chicago, Illinois.

2. Plaintiff is a consumer within the meaning of the FDCPA in that the alleged debt at issue is a medical debt incurred for personal, family, or household purposes.

3. Defendant Linebarger, Goggan, Blair & Sampson, LLP is a limited liability partnership organized under the laws of Texas.

4. Defendant Linebarger, Goggan, Blair & Sampson, LLP is a debt collector within in the meaning of 15 U.S.C. § 1692a(6) because it regularly collects or attempts to collect debts owed or alleged to be owed to another. Defendant Linebarger, Goggan, Blair & Sampson, LLP

advertises on its website that its "highly qualified attorneys and professional collection teams retrieve hundreds of millions of dollars for [its] clients each year."

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts and transactions giving rise to this claim occurred, in substantial part, in this district.

## MATTERS COMMON TO MULTIPLE COUNTS

7. On or about May 25, 2005, Mr. Parker went to Provident Hospital for the purpose of obtaining medical care for himself.

8. On or about January 17, 2006, Plaintiff received a letter from Defendant Linebarger, Goggan, Blair & Sampson, LLP dated January 12, 2006 entitled "NOTICE OF DEBT" demanding payment in the amount of $912.00 in conjunction with an alleged Provident Hospital debt. **Exhibit A**.

9. The January 12, 2006 letter, **Exhibit A**, is written on Linebarger, Goggan, Blair & Sampson, LLP letterhead, clearly identifying Defendant as "ATTORNEYS AT LAW," and, on information and belief, containing the electronic facsimile signature of Scott Wylie in the closing. **Exhibit A**.

10. According to ARDC records, Scott Wylie is an attorney licensed to practice law in Illinois.

11. On January 27, 2006, Plaintiff, through counsel, sent a letter by regular mail and facsimile transmission to Defendant pursuant to 15 U.S.C. 1692c(a) and (c) advising it that Plaintiff was represented by an attorney with respect to the alleged Provident Hospital debt, that Plaintiff receives his sole income from Social Security, and demanding that Defendant cease all

2

further communications with Plaintiff. A copy of the January 27, 2006 letter, including confirmation of facsimile receipt by Defendant at its Chicago offices, is attached as **Exhibit B**.

12. Notwithstanding having received **Exhibit B**, Defendant sent plaintiff another dunning letter, this time entitled "SECOND NOTICE," on March 3, 2006. **Exhibit C**.

13. The March 3, 2006 letter, **Exhibit C**, continues to demand payment for the alleged Provident Hospital debt, stating that "[i]n the event full payment is not received or if you have failed to contact this office to make acceptable arrangements for payment, further action may be taken against you, as allowed by law."

14. The March 3, 2006 letter also contains what appears to be the electronic facsimile of the signature of Scott Wylie.

15. On or about March 14, 2006, counsel for Plaintiff contacted Linebarger, Goggan, Blair & Sampson, LLP by telephone and spoke with an employee of Defendant better known to Defendant who confirmed that Defendant received Plaintiff's cease communication and attorney representation letter, **Exhibit B**, on January 30, 2006, or more than a month prior to sending Plaintiff **Exhibit C**.

16. On or about March, 14, 2006, an employee of Defendant better known to Defendant also stated to counsel for plaintiff that Defendant had no way of preventing further correspondence from being sent directly to consumers who advised Defendant that they were represented by counsel or demanded that Defendant cease further communications, as dunning correspondence is automatically generated and sent directly to consumers by Defendant's computer system without the review or participation of any attorney.

17. Defendant's representation that further action may be taken against Plaintiff "as allowed by law" if he does not pay the purported debt or contact Defendant is an implicit threat

3

of suit. However, neither Defendant nor Provident Hospital or the Cook County Bureau of Health Services has or had any intention of suing Plaintiff to recover the alleged debt.

### COUNT I – VIOLATION OF 15 U.S.C. § 1692e – CLASS CLAIM

18. Plaintiff incorporates paragraphs 1 through 17.

19. A unsophisticated consumer would view **Exhibit A** as if it were from an attorney regarding a legal matter.

20. Linebarger, Goggan, Blair & Sampson, LLP has no meaningful attorney involvement in the investigation of accounts it attempts to collect and subsequently automatically generated dunning correspondence, such as letters in the form of **Exhibit A**.

21. Section 1692e of the Fair Debt Collection Practices Act provides, in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section. …**
>
> …
>
> **(3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.**
>
> …
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

22. On information and belief, Linebarger, Goggan, Blair & Sampson, LLP sends out hundreds, if not thousands, of form letters, similar to that attached as **Exhibit A** on its attorney letterhead.

23. Because no attorney at Linebarger, Goggan, Blair & Sampson, LLP has any meaningful participation in the generation of such correspondence, **Exhibit A** falsely represents

<mark>
</mark>
<mark><mark>
</mark></mark>
<mark>
</mark>
<mark><mark>
</mark></mark>
<mark>
</mark>
<mark><mark>
</mark></mark>
<mark>
</mark>
<mark><mark>
</mark></mark>
<mark>
</mark>

that Wylie and Linebarger, Goggan, Blair & Sampson, LLP are acting as attorneys in sending such dunning correspondence.

24. **Exhibit A** therefore violates 15 U.S.C. §§ 1692e(3) and e(10).

## CLASS ALLEGATIONS

25. Plaintiff brings this claim on behalf of a class consisting of (i) all individuals with Illinois addresses (ii) who were sent one or more collection letters in the form of **Exhibit A** to the complaint (iii) attempting to collect a debt allegedly owed to Provident Hospital (iv) on or before a date 1 year prior to the filing of this complaint.

26. On information and belief, based on Defendant having been retained to collect debts on behalf of a large creditor, the class is so numerous that joinder of all members is impracticable.

27. There are questions of law and fact common to the members of the class, which questions predominate over any questions affecting only individual members, including:

    a. Whether and to what degree any attorney from Linebarger, Goggan, Blair & Sampson, LLP has any meaningful involvement in the investigation of accounts and preparation of dunning letters thereon;

    b. Whether an unsophisticated consumer would view a letter in the form of **Exhibit A** to the complaint as having been sent by an attorney regarding a legal matter; and

    c. Whether **Exhibit A** deceptively suggests that it is from an attorney and therefore violates the Fair Debt Collection Practices Act.

28. The only individual issue is the identification of class members, which can be done from Defendant's records.

5

29. Plaintiff is a member of the class he seeks to represent and his claims are typical of the claims of the members of the class.

30. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer and debt collection abuse claims.

31. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically contemplated FDCPA class actions as the principal means of enforcing the statute. The class members are generally unsophisticated individuals who are ignorant of their rights under the FDCPA and, consequently, whose rights will not be addressed in the absence of a class action.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

    a. Statutory damages under 15 U.S.C. § 1692k.

    b. Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

    c. Such other and further relief as the Court deems appropriate.

## COUNT II –INDIVIDIAL FDCPA CLAIM

32. Plaintiff incorporates paragraphs 1 through 17.

33. Section 1692c(a) of the Fair Debt Collection Practices Act provides, in relevant part:

> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> ...
>
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain,**

such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

34. Defendant violated 15 U.S.C. § 1692c(a)(2) by sending Plaintiff **Exhibit C** after learning that he was represented by counsel with respect to the alleged debt.

35. Section 1692c(c) of the Fair Debt Collection Practices Act provides, in relevant part:

> **If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except—**
>
> > **(1) to advise the consumer that the debt collector's further efforts are being terminated;**
> >
> > **(2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or**
> >
> > **(3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.**
>
> **If such notice from the consumer is made by mail, notification shall be complete upon receipt.**

36. Defendant violated 15 U.S.C. § 1692c(c) by sending Plaintiff **Exhibit C** after having been informed in writing by Plaintiff's counsel that Plaintiff no longer wished to receive dunning correspondence from Defendant.

37. Section 1692e(5) of the Fair Debt Collection Practices Act provides, in relevant part:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> > ...

7

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

38. Defendant violated 15 U.S.C. § 1692e(5) by making an implied threat of suit in **Exhibit C** where no suit was intended to be filed.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Statutory damages under 15 U.S.C. § 1692k.

    b.    Attorneys' fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k; and

    c.    Such other and further relief as the Court deems appropriate.

LOUIS PARKER

_____
One of his attorneys

Jason G. Shanfield (No. 6275896)
SHANFIELD LAW FIRM, LTD.
833 North Hoyne Avenue
Chicago, Illinois 60622
(312) 638-0819 (tel)
(312) 638-9136 (fax)

Christopher V. Langone
Mark T. Lavery, of counsel
LANGONE LAW FIRM, LLC
25 East Washington Street, Suite 1805
Chicago, Illinois 60602
(312) 782-2000 (tel)
(312) 782-2022 (fax)

# Exhibit A

FROM :ServiceCoordinator     FAX NO. :7736671415     Jan. 27 2006 03:49PM P2

# Linebarger Goggan Blair & Sampson, LLP
### ATTORNEYS AT LAW
P.O. Box 06152
Chicago, IL 60606-0152
1 (888) 344-2302 Toll Free
1 (312) 655-0160

**JANUARY 12, 2006**

\*\*\*\*\*\*\*\*SINGLE-PIECE
#BWNKBYR
#P00000016047127#     160472
LOUIS PARKER
6900 S CRANDON AVE APT 717
CHICAGO IL 60649-1710

Debtor: LOUIS PARKER
Account No.: 25519893
Amount Due to PROVIDENT HOSPITAL
$912.00 as of JANUARY 12, 2006

## NOTICE OF DEBT

Dear LOUIS PARKER:

Please be advised that this firm has been retained by Cook County Department of Health Services for resolution of the above listed account(s). Records and information received from our client indicate that you have an outstanding debt owed to PROVIDENT HOSPITAL for unpaid medical services provided to you beginning 05-25-05. The amount owed is reflected above.

Payment relating to this account may be made by forwarding funds, in the enclosed envelope, along with the detachable coupon located at the bottom of this page. Payment must be in the form of a cashier's check, money order or personal check made payable to Linebarger Goggan Blair & Sampson, LLP. If you have any questions regarding this debt, please contact our offices at 1 (888) 344-2302. Financial assistance is available if you qualify.

Unless you notify this office within thirty days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify us in writing within thirty days from receiving this notice, this office will obtain verification of the debt and mail a copy to you. If you make a request on this office in writing within thirty days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

If you have filed bankruptcy or remitted payment in full within the last 10 days, please disregard this notice.

This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

Linebarger Goggan Blair & Sampson, LLP

By: *[signature]*

Attorneys for Cook County Department of
Health Services

**NOTICE: SEE REVERSE SIDE FOR ADDITIONAL INFORMATION.**

RETURN THIS PORTION WITH PAYMENT IN ENVELOPE PROVIDED

Debto
Accou     fax 312-544-
Amou            6325

Amount Due: $912.00 as of JANUARY 12, 2006
Amount Enclosed: _____

Payment should be in the form of a cashier's check,
money order or personal check made payable to:
Linebarger Goggan Blair & Sampson, LLP

0000000001604721

LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
P.O. BOX 06268
CHICAGO, IL 60606-0268

We are required under various State laws to notify consumers of the following rights. This list does not include a complete listing of rights consumers may have under State and Federal Law.
*This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

### ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS: NOTICE OF IMPORTANT RIGHTS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to us at our law firm address.

### ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

### ADDITIONAL INFORMATION FOR COLORADO RESIDENTS:

For Information about the Colorado Fair Debt Collection Practices Act, See WWW.AGO.STATE.CO.US/CAB.HTM.

### ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS:

This collection agency is licensed by the Minnesota Department of Commerce.

### ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS:

This collection agency is licensed by the Collection Service Board State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

*The following applies to any recipient of this letter who is entitled to the protections afforded by the United States Bankruptcy Code. This letter is for informational and verification purposes only. This letter is not a demand for payment nor an attempt to collect, assess or recover a claim against you that arose before the commencement of your case. In the event you have filed for bankruptcy protection, please notify us in writing and provide to us your case number and identify the Court in which your case is pending.

# Exhibit B

MEMORY TRANSMISSION REPORT

```
TIME        : JAN-27-2006  04:33PM
TEL NUMBER  : 312 341 1041
NAME        : LEGAL ASSISTANCE FOUNDATION
```

| | |
|---|---|
| FILE NUMBER | : 441 |
| DATE | : JAN-27 04:33PM |
| TO | : 5446325 |
| DOCUMENT PAGES | : 001 |
| START TIME | : JAN-27 04:33PM |
| END TIME | : JAN-27 04:33PM |
| SENT PAGES | : 001 |
| STATUS | : OK |

FILE NUMBER    : 441          \*\*\* SUCCESSFUL TX NOTICE \*\*\*

**LEGAL ASSISTANCE FOUNDATION OF METROPOLITAN CHICAGO**

111 West Jackson Boulevard
Suite 300
Chicago, Illinois 60604-4136
312.341.1070 Phone
312.341.1041 Fax
312.431.1206 TDD
www.lafchicago.org

Writer's Direct Dial:   312 347-8363

January 27, 2006

**BY FAX AND REGULAR MAIL TO:**
312-544-6325
Linebarger, Goggan, Blair & Sampson, L.L.P.
P.O. Box 06152
Chicago, Illinois 60606-0152

Re: Louis Parker
6900 S. Crandin #717
Chicago, Illinois 60649-1710
Acct# 25519893

Dear Sir or Madam,

Please be advised that I represent Mr. Louis Parker in connection with the above referenced debt and any other debts which you may seek to collect from him. Mr. Parker's sole income is from Social Security and he has no assets.

Please cease and desist all further communication with my client.

Sincerely,

Michelle A. Weinberg
Senior Staff Attorney

LSC

*Equal Access to Justice*

# Exhibit C

ServiceCoordinator                FAX NO. :7736671415

# Linebarger Goggan Blair & Sampson, LLP
ATTORNEYS AT LAW
P.O. Box 06288
Chicago, IL 60606-0268
1 (888) 344-2302 Toll Free
1 (312) 544-6325 Fax

*********SINGLE PIECE  
#BWNKBYR  
#P0000001604727#  
LOUIS PARKER  
8900 S CRANDON AVE APT 717  
CHICAGO IL 60649-1710

**MARCH 03, 2006**

160472

Debtor: LOUIS PARKER  
Account No.: 25519893  
Amount Due to PROVIDENT HOSPITAL  
$912.00 as of MARCH 03, 2006

## SECOND NOTICE

Dear LOUIS PARKER:

Our law firm previously forwarded correspondence to you to verify your debt with PROVIDENT HOSPITAL. You have failed to respond to our correspondence and the debt against you is now presumed valid.

PROVIDENT HOSPITAL is entitled to payment in full. Please forward the balance due, as shown above, along with the identification coupon attached at the bottom of this page in the enclosed envelope. Payment must be in the form of a cashier's check, money order or personal check made payable to Linebarger Goggan Blair & Sampson, LLP. You may also remit payment via credit card by completing the information below in its entirety.

In the event full payment is not received or if you have failed to contact this office to make acceptable arrangements for payment, further action may be taken against you, as allowed by law.

If you have filed bankruptcy or remitted payment in full within the last 10 days, please disregard this notice. To discuss the matter further, please contact our office toll-free at 1 (888) 344-2302. Financial assistance is available if you qualify.

This communication is from a debt collector. We are attempting to collect a debt and any information obtained will be used for that purpose.

Linebarger Goggan Blair & Sampson, LLP

By: _____  
Attorney for Cook County Bureau of Health Services

---

**NOTICE: SEE REVERSE SIDE FOR ADDITIONAL INFORMATION**

**RETURN THIS PORTION WITH PAYMENT IN ENVELOPE PROVIDED**

Debtor: LOUIS PARKER  
Account No.: 25519893  
Amount Due: $912.00



LINEBARGER GOGGAN BLAIR & SAMPSON, LLP  
P.O. BOX 06268  
CHICAGO, IL 60606-0268

Amount Due: $912.00 as of MARCH 03, 2006  
Amount Enclosed: _____

Payment should be in the form of a cashier's check, money order or personal check made payable to:  
**Linebarger Goggan Blair & Sampson, LLP**

**TO PAY BY CREDIT CARD:**  
☐ Visa  ☐ MasterCard  
Credit card number: _____

Expiration date: _____ Amount authorized: $ _____  
Name on Credit Card: _____  
Cardholder Signature (Mandatory): _____

FROM :ServiceCoordinator           FAX NO. :7736671415           Mar. 10 2006 11:09AM P3

We are required under various State laws to notify consumers of the following rights. This list does not include a complete listing of rights consumers may have under State and Federal Law.
*This communication from a debt collector is an attempt to collect a debt and any information obtained will be used for that purpose.

### ADDITIONAL INFORMATION FOR MASSACHUSETTS RESIDENTS: NOTICE OF IMPORTANT RIGHTS

You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten (10) days unless you provide written confirmation of the request postmarked or delivered within seven (7) days of such request. You may terminate this request by writing to us at our law firm address.

### ADDITIONAL INFORMATION FOR CALIFORNIA RESIDENTS:

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

### ADDITIONAL INFORMATION FOR COLORADO RESIDENTS:

For Information about the Colorado Fair Debt Collection Practices Act, See WWW.AGO.STATE.CO.US/CAB.HTM.

### ADDITIONAL INFORMATION FOR MINNESOTA RESIDENTS:

This collection agency is licensed by the Minnesota Department of Commerce.

### ADDITIONAL INFORMATION FOR TENNESSEE RESIDENTS:

This collection agency is licensed by the Collection Service Board State Department of Commerce and Insurance, 500 James Robertson Parkway, Nashville, Tennessee 37243.

*The following applies to any recipient of this letter who is entitled to the protections afforded by the United States Bankruptcy Code. This letter is for informational and verification purposes only. This letter is not a demand for payment nor an attempt to collect, assess or recover a claim against you that arose before the commencement of your case. In the event you have filed for bankruptcy protection, please notify us in writing and provide to us your case number and identify the Court in which your case is pending.